**Electronically Filed
Supreme Court
SCPW-20-0000509
27-AUG-2020
03:49 PM**

SCPW-20-0000509

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

IN THE MATTER OF INDIVIDUALS IN CUSTODY
OF THE STATE OF HAWAIʻI

---

ORIGINAL PROCEEDING

ORDER RE:
PETTY MISDEMEANOR, MISDEMEANOR, AND FELONY DEFENDANTS
(By: Recktenwald, C.J., Nakayama, J.,
and Chief Judge Ginoza, assigned by reason of vacancy, with
McKenna, J., and Wilson, J., each
concurring and dissenting separately[1])

On August 12, 2020, the Office of the Public Defender filed a petition for extraordinary writ pursuant to HRS §§ 602-4, 602-5(5), and 602-5(6) and/or a writ of mandamus ("Petition").  The Petition seeks, among other things, a reduction of the inmate populations at the State's correctional centers and facilities in an effort to mitigate the harm that the COVID-19 pandemic may inflict upon inmates, the correctional staff, and the people of Hawaiʻi.  In this regard, the Petition seeks the expedited release of certain categories of inmates from the State's correctional centers and facilities, without the filing and hearing of individualized motions for release.

---

[1]  A concurrence and dissent by Wilson, J., is forthcoming.

On August 17, 2020, answers to the Petition were filed by:  (1) Nolan P. Espinda, Director of the Department of Public Safety, State of Hawai‘i ("DPS") and Edmund (Fred) K.B. Hyun, chairperson of the Hawai‘i Paroling Authority; (2) Mitchell D. Roth, Prosecuting Attorney for the County of Hawai‘i; (3) Donald S. Guzman, Prosecuting Attorney for the County of Maui; (4) Dwight D. Nadamoto, Prosecuting Attorney for the City and County of Honolulu; and (5) Justin F. Kollar, Prosecuting Attorney for the County of Kaua‘i.  The answers addressed the OPD's requested relief, stated objections and concerns, and provided alternative considerations.

To date, the court has entered several orders to address the issues raised in the Petition:

    (1)   Amended Order Re: Petty Misdemeanor and Misdemeanor Defendants, filed on August 17, 2020 ("Misdemeanor Order");

    (2)   Amended Order Re: Felony Defendants, filed on August 18, 2020 ("Felony Order");

    (3)   Order Re: Petty Misdemeanor, Misdemeanor, and Felony Defendants at the Maui Community Correctional Center, the Hawai‘i Community Correctional Center, and the Kauai Community Correctional Center, filed on August 24, 2020 ("Neighbor Island Order"); and

    (4)   Order Granting in Part and Denying in Part Motion for Clarification and/or Reconsideration, filed on August 26, 2020.

The COVID-19 pandemic has caused a public health emergency.  Since July 2020, Hawai‘i has seen a surge of COVID-19 cases in Hawai‘i, including at the correctional centers and facilities, with record numbers of positive cases and increased hospitalizations being reported.  Given the virulent spread of the virus within close quarters, any spread of COVID-19 within any of the correctional centers and facilities also has the

2

potential to tax the capacities of the health care systems on each of the islands and the limited resources of Hawaiʻi's community health care providers.  Responding to the impact of this crisis in Hawaiʻi's community correctional centers and facilities requires a careful consideration of interests, both for public health and public safety.

Upon consideration of the submissions and record in SCPW-20-0000509, and the current state of the COVID-19 pandemic in our community, including the rising numbers in the State's correctional centers and facilities, and pursuant to this court's authority under Hawaiʻi Revised Statutes ("HRS") §§ 602-5(3) & (6) and § 706-625, Governor David Y. Ige's Emergency Proclamations, and HRS § 601-1.5,

IT IS HEREBY ORDERED as follows:

1.  To the extent there are individuals serving intermittent sentences, the custodial portion of such defendants' intermittent sentence shall be suspended while Governor Ige's Emergency Proclamations remain in effect, or alternatively the sentences may be deemed satisfied at the discretion of the sentencing judge.  The trial courts are discouraged from imposing intermittent sentences while Governor Ige's Emergency Proclamations remain in effect.

2.  For purposes of this order, the following are "excluded offenses":

a.  all felony offenses in HRS chapter 707, including sexual assault;

b.  burglary in the first or second degree (HRS §§ 708-810, 708-811);

c.  robbery in the first or second degree (HRS §§ 708-840, 708-841);

d.  abuse of family or household members (HRS § 709- 906(7) & (8)), violation of a temporary restraining order

3

(HRS § 586-4), violation of an order for protection (HRS § 586-11), or any other family court crimes;

      e.    violation of a restraining order or injunction (HRS § 604-10.5);

      f.    unauthorized entry in a dwelling in the first degree or in the second degree as a class C felony (HRS §§ 708-812.55, 708-812.6(1) & (2));

      g.    violation of interstate or intrastate travel quarantine requirements, as ordered pursuant to HRS ch. 127A; and

      h.    attempted commission of the offenses (HRS §§ 705-500, 705-501) specified in a through g above.

3.    With regard to individuals who have been arrested or detained solely on petty misdemeanor or misdemeanor offenses that are not "excluded offenses" since the Misdemeanor Order or the Neighbor Island Order were filed and through the filing date of this order, such individuals shall expeditiously be released subject to the terms and conditions of release set forth in the Misdemeanor Order or Neighbor Island Order.

4.    With regard to individuals who are arrested and detained solely on petty misdemeanor or misdemeanor offenses after the filing date of this order that are not "excluded offenses," the respective trial court shall not set bail but shall release such individuals on their own recognizance or supervised release, and may impose conditions of release under HRS § 804-7.1.

5.    With regard to individuals who are arrested and detained solely on felony offenses that are not "excluded offenses" after the filing date of this order, the trial courts are encouraged to regularly employ the practice of releasing defendants without imposing bail, including the release of inmates on their own recognizance, on signature bonds, or on

4

supervised release, unless the defendant poses a significant risk to public health or safety, and should consider other conditions of release under HRS § 804-7.1, including but not limited to, confinement to a home or other location with or without electronic monitoring.

6. With regard to the Neighbor Island Order, it is clarified that an inmate who received a positive COVID-19 test result may be released without a re-test so long as the inmate is determined to no longer be infectious pursuant to the guidelines of the Centers for Disease Control and Prevention, and subject to the terms and conditions of release set forth in the Neighbor Island Order.

7. With regard to defendants for whom motions for revocation or modification of probation have been filed based on convictions that are not "excluded offenses," judges should not issue bench warrants unless a defendant poses a significant risk to public health or safety.

8. This order does not preclude any party from taking any other steps as may be deemed appropriate to obtain the release of an inmate during this time of emergency or stay any pending motions seeking the release of inmates. This order also does not affect DPS's authority under the law to release inmates on its own accord.

9. This court reserves its authority to order other measures.

10. This order shall remain in effect until further order of this court.

DATED: Honolulu, Hawaiʻi, August 27, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Lisa M. Ginoza

